FAYE M. KEPLER

*v.*

STATE OF ILLINOIS.

*Opinion filed March 8, 1923.*

RESPONDEAT SUPERIOR—*not applicable to the State.* The doctrine of *Respondeat Superior* is not applicable to the State, and it is not liable for injuries sustained by its employees while in the performance of their duty.

SOCIAL JUSTICE AND EQUITY—*recommendation.* As a matter of social justice and equity, the Court in view of the circumstances of the case, recommends to the Legislature an appropriation to claimant for the death of her husband.

Edward J. Brundage, Attorney General, for State.

This is a claim for compensation for the death of claimant's husband, which occurred November 4th, A. D. 1922, in consequence of his employment in the Division of Highways of Illinois as a patrolman while in the employ of the State.

The State has demurred to the declaration generally and specially.

The evidence is before the Court by stipulation of the parties to the suit, and consists of the affidavits of claimant and George M. Burger and a transcript of the evidence taken before the coroner's jury in the inquest held over the body of deceased. The evidence discloses that the claimant, Faye M. Kepler, is the widow of Roy W. Kepler, deceased, and that she and deceased were married September 22nd, 1920; that she was 24 years old and that deceased was 27 years old at time of his death; that their property, real and personal did not exceed $1,200 or $1,400, at time of his death and a mortgage upon the real estate in the sum of $200; that the claimant now is dependent solely upon her manual labor for her support; that at the death of deceased they had no child or children, nor decendants of child or children.

The evidence further shows that at and several years prior to his death the deceased was an employee of the State of Illinois in the capacity of patrolman of the State Highway Department whose duties it was to patrol and keep in repair part of the State hard road extending east and west through the State of Illinois, known as the Old National Trail and passing through Vandalia, St. Elmo, Altamont, Effingham, etc. That the section of said road so assigned to deceased extended from a point about two miles east of Altamont, thence west to Bluff City, Illinois. At the time of his death he was being paid a salary of $125.00 a month by the State.

That on the 4th day of November, 1922, he was directed by his superior in said employment to go in company with George M. Burger, also an employee of the State in said department to Patoka and to there

get and. bring back a motorcycle for the use of deceased in the performance of his duties as such patrolman. Finding the machine not in running order Burger and deceased decided to tow it in to St. Elmo. Accordingly they attached by a wire the disabled machine to the motorcycle in which they came to Patoka. Burger mounted and drove the machine which brought them over and deceased by arrangement between him and Burger mounted the dead motorcycle to guide the same, while Burger drivng the good machine towed the dead one. That while traveling at the rate of about ten miles an hour on the concrete road, conveying the disabled machine to its proper destination, and when at or near the village of Vernon, approaching an intersecting road at said village an automobile was also approaching the cross road, and when the said motorcycles were within about 200 feet of said intersection of roads Burger cut the power off from his motor and the two machines coasted toward the intersection, and that when within about twenty feet of the said intersection the disabled machine on which deceased rode unavoidably coasted out to the left of the leading machine, running off of the concrete road; the connecting wire tightened and the rear or disabled machine was suddenly jerked around causing deceased to be thrown to the ground and the head of deceased was badly cut· and torn by the machine in which he was riding. Deceased was cared for by Mr. Burger the best he could: but he only lived about 25 minutes after the accident, causing his death.

No part of the expenses has been borne in this affair. It has so ofter been held by this Court that in such cases the State of Illinois is not liable for damages, that we will not here cite authorities in further support of such holdings, and the demurrer will be sustained. But, the case at bar is one of particular interest and deserving of careful consideration. The deceased was an employee of the State for two years, was faithful and efficient; that while in line of duty, within the scope of his employment, without fault on his part he was accidently killed, leaving a little more than enough property to bury him; and leaving claimant without any means of support except her own manual labor. And as a matter of equity and in the interest of social justice the Court believes the claimant should be compensated for the death of her deceased husband.

We accordingly recommend that the Legislature make an appropriation for claimant in the sum of ($3,750.00) three thousand seven hundred fifty dollars.